**Dendalee McBEE, Petitioner–Appellant,**

v.

**Joseph ABRAMAJTYS,
Respondent–Appellee.**

**No. 90–1309.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 14, 1991.

Decided April 4, 1991.

Dendalee McBee, pro se.

John J. Cantarella (argued), Cantarella & Associates, Pontiac, Mich., for petitioner-appellant.

Kathleen Davison Hunter, Asst. Atty. Gen. (argued), Habeas Div., Lansing, Mich., for respondent-appellee.

Before RYAN and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.

RYAN, Circuit Judge.

Dendalee McBee appeals the denial of his third petition for a writ of habeas corpus. As in his two previous petitions, McBee contends that the jury instructions unconstitutionally shifted the burden of proof on the issues of malice and intent in violation of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). We affirmed the denial of the previous petitions on the basis that absent cause and prejudice, we would not reach the merits of a constitutional claim where the state court affirmed a conviction on procedural grounds. In his most recent petition, McBee relies upon the rule, first announced in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), that a procedural default does not bar consideration of the merits of a federal claim on habeas review unless the last state court rendering a judgment in the case "clearly and expressly" rested its judgment upon a procedural ground. In granting a certificate of probable cause, we requested that the parties address the issue of whether we should apply *Harris v. Reed* here, given that we upheld the denial of McBee's previous petitions alleging the same constitutional violation.

Having carefully examined the record, we now conclude that we need not address the applicability of *Harris* in order to resolve this matter. Because we agree with the district court that the last relevant

state court judgment clearly and expressly rested upon a procedural ground, we affirm the denial of McBee's petition.

## I.

Over twenty years ago, a jury convicted McBee of first-degree murder, and he received a life sentence. *See McBee v. Grant,* 763 F.2d 811, 812 (6th Cir.1985). A state appeals court affirmed, and the trial court denied a delayed motion for new trial. Later, the state appeals court denied leave to appeal. While denying McBee's application for leave to appeal, the state supreme court remanded the case to the state appeals court for consideration of specific issues. The state appeals court again affirmed the conviction with the following language:

The record reflects that the trial judge also gave to the jury an unobjected to instruction similar to that condemned by our Supreme Court in *People v. Wright,* 408 Mich. 1; 289 N.W.2d 1 (1980). However, we do not find that that instruction has amounted to reversible error in this case because defendant did not object to the instruction and because the judge appended to it a caution to the jury that the law does not presume a person intends the natural and ordinary consequences of a voluntary action if "the facts and circumstances of the killing or the evidence create a reasonable doubt whether the killing was done without deliberation, premeditation, malice or intent to kill."

The state supreme court then denied discretionary review.

McBee repeatedly petitioned the federal district court for a writ of habeas corpus on the basis, among others, of errors in jury instructions. Throughout, McBee advanced his *"Sandstrom* claim" that the jury instructions unconstitutionally shifted the burden of proof on the issues of malice and intent. *See Sandstrom,* 442 U.S. at 510, 99 S.Ct. at 2452. In 1982 and 1983, the district court denied two consolidated habeas petitions. The district court found that the state appeals court held McBee to be in procedural default due to his failure

to comply with the state's contemporaneous objection rule. The district court further held that McBee failed to establish cause and prejudice with respect to the procedural default.

We affirmed. *McBee,* 763 F.2d at 813–14. We noted that given the absence of cause and prejudice, the court would not address the merits, because procedural default was a "substantial basis" of the state court's disposition. *Id.* In our view, the state court of appeals "both relied on procedural grounds and briefly reviewed the merits of McBee's claim." *Id.*

Now McBee petitions again for a writ of habeas corpus, this time on the ground that the Supreme Court's decision in *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), removes the basis for the denials of his prior federal habeas petitions. Without reaching the merits of the constitutional claim, the magistrate denied the petition. According to the magistrate, the state appeals court "expressly applied the procedural default rule ... and proceeded only to the limited review necessary to determine the miscarriage of justice possibility which the [procedural rule] leaves open for consideration." After McBee filed objections to the magistrate's report and recommendation, the district court affirmed without opinion. We granted McBee a certificate of probable cause and appointed counsel.

## II.

Whether our affirmance of the denial of McBee's previous petitions forecloses us from applying *Harris* is a question of law. Therefore our standard of review is de novo. *See Whitney v. Brown,* 882 F.2d 1068, 1071 (6th Cir.1989). Whether the state appeals court clearly and expressly rested its holding upon a procedural default may seem in common-sense terms a question of fact. However, many of the usual policy arguments favoring application of the clearly erroneous standard of review to the fact-finder's determinations do not apply here. Indeed, we prefer the de novo standard of review under such circumstances. *Cf. Johnson v. Burke,* 903

F.2d 1056, 1059–60 (6th Cir.1990); *Hill v. McMackin,* 893 F.2d 810, 813–14 (6th Cir. 1989).

### A.

■ *Harris* extended the "plain statement" rule of *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), to federal habeas corpus review. *Harris,* 489 U.S. at 265, 109 S.Ct. at 1044. Under *Harris,* "a procedural default does not bar consideration of a federal claim on either direct *or habeas* review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a procedural bar." *Id.* (emphasis added). Nevertheless, a federal court need not reach the merits of a habeas petition where the last state-court opinion clearly and expressly rested upon procedural default *as an alternative ground. Harris,* 489 U.S. at 264, n. 10, 109 S.Ct. at 1044, n. 10 (emphasis added). "In this way, a state court may reach a federal question without sacrificing its interest in finality, federalism, and comity." *Id.*

■ Under *Teague,* new rules of criminal procedure generally may not be applied retroactively to cases on collateral review. *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989). However, "*Teague* does not bar retroactive application of rules when the case does not announce a *new* rule." *Hill v. McMackin,* 893 F.2d 810, 813–14 (6th Cir.1989) (emphasis in original). We have held that the "rule announced in *Harris* is not a 'new rule' within the meaning of *Teague,*" and have applied the *Harris* rule retroactively to state court judgments that became final prior to *Harris. Id.* at 814.

### B.

■ In determining whether the state court clearly and expressly rested its conclusion upon procedural default, we look to the last state court disposition providing reasons for its decision. *Cf. Prihoda v. McCaughtry,* 910 F.2d 1379, 1382–83 (7th Cir.1990); *Harmon v. Barton,* 894 F.2d 1268, 1272–74 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990); *but see Nunnemaker v. Ylst,* 904

F.2d 473 (9th Cir.1990), *cert. granted,* —— U.S. ——, 111 S.Ct. 384, 112 L.Ed.2d 394 (1990). Applying the *Harris* rule to a final noncommittal state court disposition would defeat the very purpose underlying *Harris.* The *Harris* Court intended to discourage state courts from interweaving state and federal grounds in their opinions and thereby complicating the federal courts' task of determining whether the state court judgment rested upon an independent state ground. In noncommittally denying review, however, a higher state court either refuses to address the merits at all or tacitly upholds a lower court's reasoning, so that the problem of interwoven state and federal grounds does not arise.

■ Here, the last state court giving reasons for its disposition is the Michigan Court of Appeals. That court clearly and expressly rested its decision upon two *alternative* grounds: procedural default *or* substantive lack of merit. Thus, even if we were to find it .appropriate to apply the *Harris* rule to McBee's situation, we would conclude that we need not reach the merits of his *Sandstrom* claim.

### III.

Accordingly, for the foregoing reasons, the district court's denial of McBee's third petition for a writ of habeas corpus is AFFIRMED.