955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Creighton E. MILLER, Administrator of the Estate of Hyland
M. Haskell, Deceased; and Frank Carstaphen,
Deceased, Plaintiff-Appellant,
v.
AMERICAN PRESIDENT LINES, LIMITED; Defendant,
Lykes Brothers Steamship Company, Incorporated; Central
Gulf Lines Steamship; Texaco, Incorporated;
Alaska Steamship Company, Defendants-Appellees.
 Nos. 91-1666, 91-1667.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This consolidated appeal to an asbestos action is brought by Creighton E. Miller, Administrator of the Estates of Hyland M. Haskell and Frank Carstaphen against various shipowner-defendants. Miller appeals the Michigan district court's enforcement of a voluntary dismissal he filed for the two cases in 1988. Less than a year ago, defendant-appellees, along with numerous other shipowner-defendants, appeared before us requesting a writ of mandamus to direct the United States District Court for the Northern District of Ohio to vacate certain orders. The shipowner-defendants also requested a writ of prohibition directing judges of the United States District Court for the Eastern District of Michigan to refrain from taking any action in cases transferred to them pursuant to the orders. We refused to grant the parties' request for mandamus and prohibition in In re American President Lines, Ltd., 929 F.2d 266 (6th Cir.1991), because motions were already pending before the district court to resolve the contested matters. Although the instant appeal stems from some of the same events that were the basis of last year's appeal, the jurisdictional question we address today is markedly dissimilar.
 
 
 2
 The instant appeal arises from a series of unfortunate mistakes made by the respective district courts which have handled Miller's two actions. Miller originally filed these suits in 1987 in the Northern District of Ohio. In June, 1988, Miller submitted a Notice of Voluntary Dismissal Without Prejudice in both cases and the court duly recorded this notice on its docket. Thereafter, regretting the filing of the voluntary dismissal, Miller attempted to rectify the error by filing with the court a document entitled "Amendment to Notice of Voluntary Dismissal Without Prejudice." The court never responded to the second document, nor was a copy of this document submitted to opposing counsel.
 
 
 3
 On January 9, 1991, Miller's two cases, along with forty-two others, were transferred to the Eastern District of Michigan under 28 U.S.C. § 1404(a). Apparently, the two cases voluntarily dismissed in 1988 were included on the transfer list because plaintiffs' counsel compiled the list. There is no indication that the court intended the inclusion of these two cases on the transfer list to be an affirmative response to plaintiffs' amendment to their notice of voluntary dismissal. This was the first mistake in the handling of the two cases.
 
 
 4
 On January 24, 1991, Chief Judge Merritt issued an order under 28 U.S.C. § 292(b) designating Judge Cohn and Judge Friedman of the Eastern District of Michigan to hold a district court in the Northern District of Ohio to "hear asbestos cases for the Northern District of Ohio taking place in Detroit, Michigan." The parties have argued about the meaning of this statement and whether Chief Judge Merritt intended it to encompass the cases transferred to the Michigan district court two weeks earlier. Whatever the Chief Judge intended by this order, it is not relevant to our disposition of this matter, as described below.
 
 
 5
 In March and April 1991, the various defendants moved the district court for the Eastern District of Michigan to enforce the voluntary dismissal in Miller's two actions. On May 19, 1991, the Michigan district court, presided over by Judge Cohn and Judge Friedman, granted the defendants' request. The court found that the amendment to plaintiffs' notice of voluntary dismissal was "ineffective to undo the dismissals occasioned by the ... Notice of Voluntary Dismissal." Significantly, Judge Cohn and Judge Friedman made the dismissal determination acting in their capacity as judges of the Eastern District of Michigan, not as judges of the Northern District of Ohio.
 
 
 6
 Later, on the same afternoon that it enforced the voluntary dismissals, the Michigan court ruled that the original transfer of the clustered cases from Ohio violated the requirements of 28 U.S.C. § 1404(a). Apparently, there was insufficient personal jurisdiction in Michigan over several parties to the clustered actions. The Michigan court could only order the re-transfer of the clustered cases back to the Ohio court. Miller's two cases, which had been dismissed by the court moments earlier, were included on the re-transfer list that accompanied the court's re-transfer order. Shortly thereafter, and also that same day, Chief Judge Lambros of the Northern District of Ohio assigned all of the forty-odd re-transferred cases to Judge Cohn and Judge Friedman in their designated capacity to sit in the Northern District of Ohio to hear asbestos cases.
 
 
 7
 The events of May 19, 1991, represent the second and third mistakes in the handling of these two cases. First, the Michigan court lacked authority to enforce the dismissal of Miller's two cases. Second, the Michigan court clearly made a mistake when it ordered the re-transfer of Miller's cases back to the Ohio district court. Only moments earlier, the Michigan court had already dismissed both of Miller's actions--although incorrectly--so the re-transfer order can only be deemed as unintentional and a mistake.
 
 
 8
 The parties make various arguments as to whether or not the enforcement of the dismissal of these cases by the Eastern District of Michigan was proper. Although there is a paucity of caselaw on point, this problem may be sensibly resolved by analyzing the matter from the moment where the first mistake occurred. The first mistake occurred when the Ohio district court initially transferred Miller's two cases, along with the clustered cases, to the Eastern District of Michigan. Because the Ohio court never affirmatively ruled that the two cases were revived by the amendment to the notice of voluntary dismissal, the two cases cannot be considered properly reinstated merely by their inclusion on the transfer list. Until the parties consult the Ohio court that ordered the initial transfer, the status of both of Miller's cases is unresolved. Consequently, until the original mistake is rectified, all that has flowed from this first mistake is irrelevant and neither case can now be considered properly before this court.
 
 
 9
 The enforcement of the voluntary dismissal by the United States District Court for the Eastern District of Michigan is vacated. Because the court had no jurisdiction to dispose of this matter, no further action will be taken with regard to these cases until the United States District Court for the Northern District of Ohio has resolved the effect, if any, of plaintiffs' amendment to the notice of voluntary dismissal.