983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl M. GREEN, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 92-5803.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 1
 Before RALPH B. GUY JR. and RYAN, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Earl M. Green, a pro se Kentucky prisoner, appeals a district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Green in October 1983 of criminal syndication in violation of Ky.Rev.Stat. § 506.120. The trial court sentenced Green to 10 years imprisonment. Green exhausted his state court remedies through direct appeal and a motion under RCr 11.42, both of which were denied.
 
 
 4
 Green raises two grounds for relief in his federal habeas petition: (1) the jury was not instructed on an essential element of the charged offense, and (2) trial counsel rendered ineffective assistance by failing to object to the erroneous instructions. After a plethora of pleadings and motions were filed and acted upon, the magistrate judge filed a report on February 10, 1992, in which he recommended that Green be granted a conditional writ of habeas corpus. The magistrate judge concluded that the trial court's failure to instruct the jury that they must find that the syndicate trafficked in marijuana on a "continuing basis" was a fundamental error which violated Green's due process rights and required the reversal of Green's conviction. However, upon further review in light of the respondent's objections, the magistrate judge reversed his recommendation and concluded that the petition should be denied. This reversal was based upon a finding that Green had not preserved his jury instruction issue for review, that this procedural default had been relied upon by the Kentucky Supreme Court, and that Green had not established cause or prejudice for his procedural default. The district court agreed with this analysis, found that the ineffective assistance of counsel issue was also meritless for failure to establish prejudice, and dismissed the petition in an opinion and order filed April 9, 1992.
 
 
 5
 Green filed a motion to alter or amend the judgment in which he requested an opportunity to read and file objections to the magistrate judge's informal review. The district court granted this request and both parties filed objections. In an order filed June 4, 1992, the district court overruled the objections and denied Green's motion to alter or amend the judgment.
 
 
 6
 On appeal, Green argues that the district court erred in applying a cause and prejudice analysis to his petition and continues to argue the merits of his grounds for relief. He requests the appointment of counsel in his appellate brief.
 
 
 7
 Upon review, we affirm the district court's order because Green has not established that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 The district court properly applied the cause and prejudice test to Green's jury instruction issue. Green's argument that, because the Kentucky Supreme Court found "no manifest injustice" as well as citing his procedural default, the decision was actually one on the merits allowing federal review is without merit. Even if it is assumed that the "no manifest injustice" language constitutes a judgment on the merits, the law in this circuit allows the district court to rely upon the expressly stated procedural default. "[A] federal court need not reach the merits of a habeas petition where the last state-court opinion clearly and expressly rested upon procedural default as an alternative ground." McBee v. Abramajtys, 929 F.2d 264, 267 (6th Cir.1991) (emphasis in original).
 
 
 9
 Green has failed to demonstrate cause and prejudice to excuse his procedural default of the jury instructions issue for the reasons stated by the magistrate judge in his review of his report and by the district court in its memorandum opinion. He has also failed to show that counsel's failure to object to the instructions rendered the outcome of his trial unreliable.
 
 
 10
 Accordingly, the request for counsel is denied. The district court's order, filed April 9, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation