16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard Leon LOWERY, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 93-1684.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Richard Leon Lowery, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, a Michigan jury found Lowery guilty of assault with a dangerous weapon. Lowery also pleaded guilty to a charge of fourth habitual offender and received a sentence of 10 to 15 years imprisonment. On appeal, the Michigan appellate court affirmed his convictions. The Michigan Supreme Court denied his application for leave to appeal on December 27, 1991.
 
 
 3
 On April 9, 1991, Lowery filed this petition for a writ of habeas corpus in district court, based on the following five grounds: 1) he was denied due process by jury instructions which shifted the burden of proof concerning his defense of self-defense; 2) prosecutorial misconduct occurred when the prosecutor used the defendant's prior conviction as evidence that Lowery was experienced at testifying at criminal trials; 3) Lowery was denied his right to a fair trial by the judge's act of questioning Lowery, during the trial, about his testimony while he was acting as a witness in his own behalf; 4) the trial judge committed error by admitting evidence that the defendant was unemployed at the time of the offense; and 5) the prosecutor committed reversible error by eliciting evidence that the defendant had been discharged from his employment and by comparing Lowery to the serial killer, Ted Bundy, during closing arguments. The matter was referred to a magistrate judge, who discussed each of these allegations in detail and recommended that the petition be denied. After considering this report, de novo, as well as the petitioner's objections to the report, the district court adopted the report and recommendation in its entirety by order dated April 12, 1993. The district court dismissed the case by judgment entered that same day.
 
 
 4
 On appeal, Lowery challenges only the magistrate judge's determination, as adopted by the district court, that his claim regarding the alleged improper jury instructions should be reviewed by the federal courts under a "cause and prejudice" standard, rather than being considered on the merits. Specifically, Lowery argues that the state court opinion did not clearly and expressly state that its judgment rested on a procedural bar, thereby allowing the federal courts to review the merits of his claim. Lowery's underlying argument is that the jury should have been instructed that the prosecutor's burden was to prove beyond a reasonable doubt that Lowery did not act in self-defense, and that, by the omission of this instruction, the burden of proof was unconstitutionally shifted in violation of Sandstrom v. Montana, 442 U.S. 510 (1979).
 
 
 5
 A writ of habeas corpus may issue only to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). In order for habeas relief to be warranted on the basis of allegedly incorrect jury instructions, Lowery must show more than that the instructions were undesirable, erroneous or universally condemned; taken as a whole, they must be so infirm that they render the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Lowery's argument stems from the common law in Michigan, which differs from the law in neighboring states, requiring the prosecution to bear the burden of proving the absence of self-defense. See Paprocki v. Foltz, 869 F.2d 281, 282 (6th Cir.1989).
 
 
 6
 The general rule is that a federal court may not review a question of federal law decided by a state court if that court rests its decision on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 111 S.Ct. 2546, 2553 (1991). The federal habeas courts must look to the last explained state court decision to determine whether the state has relied upon procedural default to decide the claim. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2595 (1991); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir.1991) (per curiam).
 
 
 7
 The Michigan Court of Appeals determined that Lowery had "failed to object to the Court's failure to sua sponte instruct the jury as to the burden of proof regarding affirmative defenses. Accordingly, appellate review is precluded unless a miscarriage of justice would result." This court has construed such a state court decision as enforcing the procedural bar while reserving the right to excuse it if necessary to prevent manifest injustice. Paprocki, 869 F.2d at 285. Similarly, in McBee v. Abramajtys, 929 F.2d 264, 165 (6th Cir.1991), this court held that such a Michigan Appeals Court decision rested upon procedural default as an alternative ground and, thus, the federal district court was not required to reach the merits of the habeas petition.
 
 
 8
 Lowery relies on a case involving a direct appeal of a criminal conviction. See United States v. Corrigan, 548 F.2d 879 (10th Cir.1977). However, this court has recognized that the burden of showing prejudice in order to support a collateral attack on the validity of a state court's judgment is much greater than that which is necessary to establish plain error on direct appeal. Paprocki, 869 F.2d at 286 (quoting Henderson, 431 U.S. at 154.) Moreover, no cause has been presented by Lowery to excuse his failure to object to the jury instructions at the time of the trial. Attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse the procedural default. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Any attorney error, if error did occur, did not render Lowery's trial unfair or influence the jury to the point that the affirmative defense of self-defense was not considered by the jurors at the time that they deliberated upon his guilt. Thus, Lowery has not shown that he was prejudiced by the alleged error. Strickland v. Washington, 466 U.S. 668, 687 (1984). In view of the lack of merit in Lowery's claims, no cause and prejudice hearing on this particular issue was required in district court.
 
 
 9
 Accordingly, the district court's order denying the petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.