16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dennis Leroy HASKINS, Petitioner/Appellant,
v.
Robert E. LECUREUX, Warden, Respondent/Appellee.
 No. 92-2090.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges; and WILHOIT, District Judge.*
 PER CURIAM.
 
 
 1
 Dennis Leroy Haskins, a Michigan prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. For the reasons set forth herein, we affirm.
 
 I.
 
 2
 Dennis Leroy Haskins ("Appellant") was convicted of first degree murder by a Michigan jury in June 1982 and was sentenced to life imprisonment. The victim, Lloyd Zech, had been killed by a shotgun blast to the chest and his house was set on fire in an attempt to cover up the murder. Appellant and his cousin, Stephen Haskins ("Stephen"), were tried separately and both were convicted of the crime. Stephen testified at Appellant's preliminary examination pursuant to the terms of a plea agreement, identifying Appellant as the murderer. At Appellant's trial, Appellant's brother and another cousin testified that Appellant had admitted to them that he committed the murder. Stephen invoked his Fifth Amendment privilege and refused to testify at Appellant's trial because his plea agreement had fallen through; however, because he refused to testify, the trial court admitted into evidence an edited transcript of Stephen's preliminary examination testimony. Appellant's conviction was affirmed by the Michigan Court of Appeals, and the Michigan Supreme Court denied discretionary review. His post-conviction motions for relief were also denied.
 
 
 3
 In his habeas petition, Appellant raises two grounds for relief: (1) he was denied his right of confrontation when the trial court failed to inquire into Stephen's invocation of the privilege against self-incrimination; and (2) he received ineffective assistance of counsel when trial counsel allowed the prosecution to strike an exculpatory witness and appellate counsel failed to raise the issue. A magistrate judge ordered additional briefing on whether any of Appellant's claims were barred by procedural default. The magistrate judge recommended that Appellant's petition be denied. The magistrate found that the exculpatory witness claim had been procedurally defaulted and that Appellant had not established cause for his procedural default, that counsel's alleged errors did not constitute ineffective assistance of counsel, and that Stephen had validly invoked his Fifth Amendment privilege at trial. The district court adopted the magistrate's report and denied the petition. This appeal followed.
 
 II.
 
 4
 A. Procedural Default and Ineffective Assistance of Counsel.
 
 
 5
 The district court concluded that a state procedural default barred consideration of Appellant's exculpatory witness claim. Appellant argues that ineffective assistance of counsel provided cause for his procedural default. Appellant concedes that his defense counsel stipulated that the prosecution need not call the witness, a woman named Pennington, with the understanding that she would remain available to be called as a defense witness. Defense counsel did not call her either, and his failure to do so was not raised on direct appeal. Thus the issue was waived. Appellant also concedes that the last state court which provided reasons for its disposition cited this waiver as an adequate and independent state ground for its judgment. Therefore, Appellant must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); McBee v. Abramajtys, 929 F.2d 264, 267 (6th Cir.1991).
 
 
 6
 Appellant contends that ineffective assistance of both appellate and trial counsel provides cause for his procedural default. However, we cannot say that appellate counsel in this case did not render effective assistance when he failed to raise the exculpatory witness issue on direct appeal. There is no constitutional right to have every nonfrivolous issue raised on appeal, see Jones v. Barnes, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues on appeal "are properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). We find that Appellant has not established cause for his default and this court is barred from considering the merits of the exculpatory witness claim.
 
 
 7
 In any event, appellant has not shown prejudice resulting from the failure to call the exculpatory witness. Trial counsel did not perform ineffectively by agreeing to excuse Pennington. When trial counsel's performance is reviewed with due deference see Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988), it is apparent that the decision not to call Pennington as a defense witness was simply a matter of trial strategy. While thirteen prosecution witnesses had been excused, defense counsel only asked to be able to recall Pennington. It is apparent that defense counsel was aware of her potential exculpatory testimony and deliberately decided against calling her. It is unlikely that her testimony would have altered the outcome of the trial since two other witnesses testified that Appellant had admitted the murder to them. Hence, the requisite prejudice for an ineffective assistance of counsel claim is not shown, as one cannot confidently say that Appellant's trial reached an unfair and unjust result. Strickland v. Washington, 466 U.S. 668, 694 (1984); Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993).
 
 B. Testimony of Stephen Haskin
 
 8
 Appellant also contends that the trial court erred in admitting the preliminary examination testimony of Stephen Haskins because the record indicates that the prosecuting authorities considered it to be unreliable and because the trial court did not adequately examine Stephen for Fifth Amendment purposes.
 
 
 9
 Contrary to Appellant's assertion, the trial court did not simply accept Stephen's assertion of his Fifth Amendment privilege at face value. The trial judge must determine whether there are reasonable grounds to believe that, if the witness is compelled to answer, he may be subjected to a danger of prosecution. See Hoffman v. United States, 341 U.S. 479, 486 (1951). The privilege is liberally applied. Id.
 
 
 10
 The privilege was properly applied in this case. Before the jury was sworn in Appellant's trial, Stephen was called before the trial court to determine whether he would testify. Stephen asserted his Fifth Amendment right at that time. The trial court ruled that Stephen had asserted a valid ground for not testifying. The trial court cautioned the prosecuting attorney and instructed the prosecutor to call Stephen as a witness outside the jury's presence.
 
 
 11
 At the appropriate time during presentation of the state's case and outside of the presence of the jury, the prosecutor called Stephen as a witness. Stephen again refused to answer any questions, asserting his Fifth Amendment privilege. The trial court then stated on the record that it had read Stephen's earlier testimony and found that if he were to repeat that testimony it would tend to incriminate him. Therefore, the court ruled that Stephen validly asserted the privilege and that he was unavailable as a witness. Defense counsel had no objection to the ruling. The court was aware that Stephen had also been charged in Zech's murder and knew the substance of his earlier testimony. It is clear that the trial court adequately examined Stephen's circumstances and ruled appropriately.
 
 
 12
 Furthermore, the trial court did not err in admitting an edited transcript of Stephen's preliminary examination testimony. Appellant concedes that if Stephen validly invoked the Fifth Amendment, his prior recorded testimony was properly admitted under a well-established evidentiary principle and there is no burden on the prosecution to otherwise establish reliability. See Ohio v. Roberts, 448 U.S. 56, 66 (1980); Mich.R.Evid. 804(b)(1). As discussed above, Stephen validly invoked the Fifth Amendment and the trial judge correctly found him to be unavailable as a witness. Thus, the testimony was properly admitted without any further showing of reliability. In any event, Appellant has not proved either that the testimony was unreliable or that the prosecution believed it to be unreliable.[1]
 
 III.
 
 13
 Upon careful review, we find that Appellant has not established that his trial was fundamentally unfair or that the proceedings resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). For the foregoing reasons, the district court's order is AFFIRMED.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The only portion of Stephen's testimony that does not conform to the physical evidence concerns how the fire was started. Stephen claimed that Appellant set the fire with dog food bags, while arson investigators determined that gasoline had been used as an accelerant. As noted by the magistrate judge, this inaccuracy, which was pointed out to the jury by the prosecutor, actually tended to benefit Appellant by throwing doubt on Stephen's entire testimony. Nothing in the record indicates that the prosecution believed Stephen to be lying about the murder itself, as opposed to the cover-up efforts