NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0426n.06

Case No. 19-1426

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Jul 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROWMOTO ANTWION ROGERS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| GREGORY SKIPPER, Warden, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before: MERRITT, CLAY, and BUSH, Circuit Judges.

**MERRITT, Circuit Judge.** Rowmoto Rogers, a Michigan inmate, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rogers was convicted, among other things, of first-degree murder for the death of teenager Martha Barnett after shots were fired into the vehicle in which Barnett was a passenger. Shortly after the shooting, Rogers confessed to his friend Rayvon Perry that he was the person who shot at the vehicle, thinking it belonged to someone else. Based largely on Perry's testimony at trial about Rogers' confession, Rogers was convicted and sentenced to life in prison without possibility of parole. The sole issue before us in this appeal is whether the closing argument of the prosecutor amounted to prosecutorial misconduct based on his "vouching" for the credibility of Perry. The district court held that the statements did not amount to prosecutorial misconduct. We do not reach the merits

of the claim, but instead affirm the district court on the alternate ground that Rogers' claim of prosecutorial misconduct is procedurally defaulted because his counsel did not comply with Michigan's contemporaneous-objection rule at trial.

Rogers was tried with codefendant Tony Hurd. The principal evidence against the defendants was Rayvon Perry's testimony. Perry, one of the five individuals in the car when it was fired upon, received a gunshot wound to his hand during the shooting. Perry testified that he knew both Rogers and Hurd, but he did not know at the time of the shooting that they were involved. Perry testified that, shortly after the shooting occurred, Rogers confessed to him to being the shooter. Rogers asked Perry about his hand and said, "I'm glad you're all right." Tr. Trans. Feb. 4, 2009, at 147. Perry testified that Rogers then said something to the effect of "[i]t was crazy how it happened." *Id*. Perry testified that Rogers "started to tell me . . . who was responsible" and said that "[i]t was a mistake" and "something had went [sic] wrong—what happened, it was the wrong car." *Id*. at 148. Perry testified that Rogers told him that Rogers, Hurd and DeAndre Woolfolk[1] were in the car that fired the shots. *Id*. Hurd was the driver. *Id*. When asked to describe how the shooting unfolded, Perry testified that "after we stopped at the light they [Rogers, Hurd and Woolfolk] pulled up on the side of us—but not all the way, then shot the top of the car and the bottom of the car." *Id*. at 149. Perry then testified that Rogers told him they shot at the car that way "to kill everybody that was inside." *Id*. at 150. Rogers told Perry that Woolfolk also had a gun, but it jammed before he had a chance to shoot. *Id*. at 151. Rogers said they left when an alarm went off on Perry's car that "scared [Hurd] and he [drove] off" because he thought it was a police siren. *Id*. at 152. Rogers asked Perry if he knew the girls in the car. When Perry said no, Rogers said "good—, like—I thought it was you all's girls." *Id*. at 152-53.

---

[1] Perry sometimes referred to Rogers as "Toe," Hurd as "Tone," and Woolfolk as "Dollar."

The jury convicted Rogers, the conviction was affirmed on direct appeal, and the Michigan Supreme Court denied leave to appeal. *People v. Rogers*, Nos. 291180, 291212, 2010 WL 3062119 (Mich. Ct. App. Aug. 5, 2010) (per curiam), leave to appeal denied, 793 N.W.2d 236 (Mich. 2011). Rogers filed a *pro se* post-conviction motion for relief from judgment in the state trial court, which was later supplemented with a brief filed by an attorney. The motion was denied. *People v. Rogers*, No. 08-009271-FC (Wayne Cty. Cir. Ct. May 1, 2012); *People v. Rogers*, No. 08-009271-FC (Wayne Cty. Cir. Ct. May 29, 2014). The Michigan Court of Appeals and Michigan Supreme Court denied Rogers leave to appeal. *People v. Rogers*, No. 324777 (Mich. Ct. App. Jan. 6, 2015), leave to appeal denied, 873 N.W.2d 560 (Mich. 2016). Rogers then sought habeas relief in federal court, raising four issues: the prosecutor improperly vouched for the credibility of Rayvon Perry during closing arguments; prejudicial photos were admitted during the trial; there was insufficient evidence to convict him; and the state court improperly denied him a new trial based on newly discovered evidence without holding a hearing. The district court denied the petition, and granted a certificate of appealability only on the prosecutorial misconduct issue. *Rogers v. Palmer*, No. 16-10424, 2019 WL 1354185, at *8 (E.D. Mich. Mar. 26, 2019). Rogers moved to expand the certificate of appealability to add additional issues, but the motion was denied by this court. *Rogers v. Skipper*, No. 19-1426 (6th Cir. June 19, 2019).

Now before us is Rogers' claim that he was denied a fair trial because of prosecutorial misconduct. Specifically, he argues that the prosecutor improperly vouched for the credibility of the main witness, Rayvon Perry, and made an improper "civic duty" argument to the jurors. Rogers points to several of the prosecutor's comments in closing argument as improper. The prosecution stated, in relevant part:

> Hero[e]s come in all shapes and sizes. There are the hero[e]s that we're familiar with from movies and TV such as John Wayne. There are war hero[e]s. There are

hero[e]s every day in terms of when you hear stories of people who pull people out of the path of cars or parents who are hero[e]s in helping their children or saving their children in fires.

There's a hero that we've heard of most recently in that – the captain of that US AIR – the pilot of that airplane, who with years of training on how to fly airplanes still reacted with calm courage and set that airplane on the Hudson river – and there are reluctant hero[e]s. People who did not choose to be a hero. People who fought the pull to be a hero, who didn't want to be a hero, who didn't want to be in the spotlight.

Rayvon Perry is the reluctant hero in this case. He's the reluctant hero because he came forward and told the truth about what he knew. It is on his shoulders that the case rests. . . .  Why is Rayvon Perry a hero? Well, he is going against the grain.

We live in a society where — from the time that we are young, we are taught that it is bad to be a tattle tail [sic]. We all know from our own experiences that it's not easy to tell on other people. It makes us uncomfortable particularly when it is with people we know. We also know — and you heard from the witnesses as well, that we live in a culture that has made it bad — it's become the word "snitch." Snitch is something negative. If you're a snitch, you're a bad person. "Don't tell the police. Don't tell the government. Keep it to yourself." Rayvon Perry went against that grain not easily, not willingly, reluctantly — but he did so nonetheless.

Rayvon Perry told the truth against people that he knew . . . and he did it against tremendous pressure . . . .  He had every reason in the world not to tell the police and not to tell you that Rowmoto Rogers and Tony Hurd admitted being the shooter and the driver in this particular case, but he told the truth.

Tr. Trans. Feb. 9, 2009, at 14-15.  Rogers' counsel did not object to this argument at trial.  Rogers raised a claim of prosecutorial misconduct on direct appeal, and the Michigan Court of Appeals conducted a plain-error review, concluding that the comments did not amount to an improper vouching as to credibility or an appeal to the juror's civic duty.  *Rogers*, 2010 WL 3062119, at *3.  Rogers raised the claim again in his habeas petition, but the district court denied the claim on the merits.[2]  The district court declined to rule on the procedural default issue, deciding instead to go directly to the merits of the prosecutorial misconduct claim.  2019 WL 1354185, at *2.  As it did

---

[2] The district court stated that if it were "reviewing this issue de novo, it would be hard pressed to find that this was not improper vouching."  2019 WL 1354185, at *4.

before the district court, the government argues on appeal that the prosecutorial misconduct issue is procedurally defaulted. Appellee's Br. at 17-24. Because Rogers failed to comply with the state procedural rule requiring contemporaneous objection to the prosecutor's statements, we hold that the claim is procedurally defaulted and decline to reach the merits of the claim.

The procedural default bar, as applied in the habeas context, "precludes federal courts from reviewing claims that a state court has declined to address, because of a petitioner's noncompliance with a state procedural requirement." *Howard v. Bouchard*, 405 F.3d 459, 475 (6th Cir. 2005). Procedural default bars a claim from review on the merits if: (1) "there is a state procedural rule that is applicable to the petitioner's claim and . . . the petitioner failed to comply with the rule," (2) the state court "actually enforced the state procedural sanction," and (3) "the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Scott v. Mitchell*, 209 F.3d 854, 863–64 (6th Cir. 2000) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

There is no dispute that Rogers failed to comply with the state procedural rule that requires defendants to specifically and contemporaneously object to alleged prosecutorial misconduct. *See People v. Brown*, 811 N.W.2d 531, 535-36 (Mich. Ct. App. 2011). The last state court to issue a reasoned decision on this claim was the Michigan Court of Appeals, which reviewed the prosecutorial misconduct claim for plain error because of trial counsel's failure to object. *Rogers*, 2010 WL 3062119, at * 3. Plain error review by the state courts does not constitute a waiver of state procedural default rules for purposes of our review of a habeas petition. *Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) (holding that when a state appellate court reviews an issue for plain error, the federal courts view it as the state's enforcement of a procedural default.). Nor does a state court fail to sufficiently rely upon a

procedural default by ruling on the merits in the alternative. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Lastly, the failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state-law ground for refusing to review trial errors. *Hinkle*, 271 F.3d at 244; *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). The Michigan Court of Appeals did not find that the prosecutor's comments amounted to plain error, and the claim was denied. By reviewing the claim only for plain error, the court enforced the contemporaneous-objection rule and we hold that the claim is procedurally defaulted.

A federal court will review a state prisoner's procedurally defaulted federal claim if the prisoner shows "cause" for the default and "prejudice" from the error, or if a manifest miscarriage of justice would otherwise result. *See Coleman v. Thompson*, 501 U.S. at 749–50. Rogers did not raise a claim of ineffective assistance of counsel, or any other reason, to excuse the default. Because he has not raised any claim or issue to excuse the default, he has forfeited the question of cause and prejudice.

The narrow exception for fundamental miscarriage of justice is reserved for the extraordinary case in which the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Schlup v. Delo*, 513 U.S. 298 (1995). Rogers has not presented any claim or evidence of actual innocence.

We affirm the judgment of the district court on the alternate ground of procedural default.