George G. COUCH, Petitioner–Appellant,

v.

John JABE, Warden, Respondent–Appellee.

No. 90–1666.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 8, 1991.

Decided Nov. 1, 1991.*

* This decision was originally issued as an "unpublished decision" filed on November 1, 1991. On December 3, 1991, the court designated the opinion as one recommended for full text publication.

Gary A. Kozma (briefed), Goldschmid & Kozma, Detroit, Mich., for petitioner-appellant.

Thomas C. Nelson (briefed), Becky M. Lamiman, Asst. Attys. Gen., Suzanne L. Wilhelm, Office Atty. Gen., Habeas Div., Lansing, Mich., for respondent-appellee.

Before JONES and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.

PER CURIAM.

Petitioner George G. Couch and co-defendant Ronald L. Jordan were jury convicted of first degree murder in the Circuit Court of Jackson County, Michigan, on August 5, 1982. Couch was sentenced to a mandatory term of life imprisonment on September 15, 1982. After Couch failed to timely appeal his conviction, the Michigan Court of Appeals denied his delayed application for leave to appeal on November 16, 1984, as did the Michigan Supreme Court on November 25, 1985. Couch's federal habeas corpus petition was dismissed without prejudice on exhaustion grounds on August 18, 1986. His delayed motion for a new trial was subsequently denied on December 29, 1986. The Michigan Court of Appeals and the Michigan Supreme Court thereafter denied applications for leave to appeal on November 3, 1987, and March 28, 1988, respectively. Couch then filed this second petition for habeas corpus with the Eastern District of Michigan on June 9, 1989. On May 21, 1990, the court adopted the magistrate's Report and Recommendation and denied Couch's petition. For the following reasons, we decline to reach Couch's substantive claims and instead remand the case for further consideration.

I

Couch's conviction stems from the stabbing death of inmate Ricky Ricardo Williams on November 14, 1981, at the State Prison of Southern Michigan. Williams was apparently wounded in his third floor cell at approximately 5:45 p.m., but managed to reach the guard desk on the first floor before collapsing. As Williams reached the first floor, Officers Davenport and Lowell observed Couch following directly behind him. Williams was immediately taken to a nearby hospital, where he died soon thereafter.

At trial, the government relied largely on the testimony of inmate Tyrone Edwards, guards, and on alleged inconsistencies in the testimony of Couch's witnesses. Couch, who proceeded initially pro se and later only with advisory counsel, likewise rested much of his defense on apparent inconsistencies in Edwards' testimony and on other inmates who called into question the veracity of Edwards' account.

Subsequent to his conviction and his failed attempt to secure relief on direct appeal, Couch sought state collateral relief. In his state petition, Couch requested a new trial on the grounds that he did not knowingly and intelligently waive his constitutional right to counsel and that prejudicial comments by the prosecutor during closing argument deprived him of a fair trial. The state judge rejected both claims as barred by procedural default.

In the present petition, Couch reasserts these claims and adds that the evidence presented at trial was insufficient to support a finding of guilt beyond a reasonable doubt.

## II

We have recently reaffirmed that whether a state court rested its holding on procedural default, thus barring federal habeas review, is a question of law to be reviewed de novo. *McBee v. Abramajtys*, 929 F.2d 264, 266 (6th Cir.1991). In the instant case, our determination is bound by the Supreme Court's recent decision in *Ylst v. Nunnemaker*, —— U.S. ——, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), which modified the Court's earlier holding in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). *Harris* extended the "plain statement rule" of *Michigan v. Long*, 463 U.S. 1032, 1042 & n. 7, 103 S.Ct. 3469, 3477 & n. 7, 77 L.Ed.2d 1201 (1983), to federal habeas review, holding that procedural default at the state level will not in and of itself preclude federal habeas review "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, 109 S.Ct. at 1043 (citations omitted). That holding was clarified in the companion case to *Ylst; Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), which held that a federal habeas court may review a state proceeding only if the state court did not clearly and expressly rely on adequate and independent state law grounds *and* if the state opinion "fairly appeared to rest primarily on resolution of [petitioner's federal] claims, or to be interwoven with those claims." *Id.* 111 S.Ct. at 2557.

In *Ylst*, the Court directed federal courts considering habeas petitions to look to "the last *explained* state-court judgment." *Ylst*, 111 S.Ct. at 2595. The Court also established the following rebuttable presumption:

> [W]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion 'fairly appear[s] to rest primarily upon federal law,' [*Coleman*] we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

*Id.* 111 S.Ct. at 2594. Where the last explained state court judgment rejected petitioner's claims on procedural grounds, the presumption is rebuttable only where the petitioner "adduc[es] strong evidence that one of the subsequent courts reached the merits of the federal claim." *Id.* 111 S.Ct. at 2596. The Court offered two examples of what might rebut the foregoing presumption:

> It might be shown, for example, that even though the last reasoned state-court opinion had relied upon a procedural default, a retroactive change in law had eliminated that ground as a basis of decision, and the court which issued the later unexplained order had directed extensive briefing limited to the merits of the federal claim. Or it might be shown that, even though the last reasoned state-court opinion had relied upon a federal ground, the later appeal to the court that issued the unexplained order was plainly out of time, and that the latter court did not ordinarily waive such a procedural default without saying so.

*Id.* 111 S.Ct. at 2595. To the extent that the holding in *Ylst* conflicts with this court's statements in *Johnson v. Burke*, 903 F.2d 1056, 1059–60 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 178, 112 L.Ed.2d 142 (1990), and *Hill v. McMackin*, 893 F.2d 810, 813–14 (6th Cir.1989), suggesting that a federal court look to the very last state court opinion *or* order for a clear and express statement of reliance on state law grounds, they are hereby overruled.

■ In the instant case, the last state court to render an explained judgment was the County of Jackson trial court in its collateral review of Couch's conviction. The court considered Couch's objections to the improper waiver of his right to selfrepresentation and his claim of prosecutorial misconduct. The court, after noting that Couch's petition for a new trial was "long delayed," stated in relevant part that

[l]ong delayed motions for a new trial must be viewed with great disfavor; whether to grant such a motion is within the sound discretion of the Court. Herein, there exists no valid reason why rights guaranteed by the U.S. Constitution could not have been raised in an earlier post conviction motion or on appeal.

*People v. Couch,* No. 82–27485FM, slip op. at 2 (Mich.Cir.Ct. Dec. 23, 1986) (citations omitted). Thus, the court unambiguously appears to have denied consideration of these two claims on state procedural grounds. The Michigan Court of Appeals and Michigan Supreme Court denied Couch's petitions for review without citation. Taken together, these factors establish a presumption under *Ylst* that federal review of Couch's habeas petition is foreclosed. However, given that neither the parties nor the district court had the benefit of *Ylst* in their preparation and resolution of the present action, we deem it appropriate to remand Couch's petition to determine whether the *Ylst* presumption is rebutted in this case.

Although the magistrate found that Couch's sufficiency of the evidence claim was properly exhausted, we decline the invitation to reach the merits of this claim. We rest our decision on the Supreme Court's holding in *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517, *reh'g denied,* —— U.S. ——, 111 S.Ct. 2841, 115 L.Ed.2d 1010 (1991), which clarified that "a petitioner can abuse the writ [of habeas corpus] by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id.* 111 S.Ct. at 1468. In light of our decision that Couch's first

two claims require further consideration to determine whether they are barred due to procedural foreclosure, and because consideration of Couch's sufficiency of evidence claim might foreclose later review of those claims, we remand Couch's entire petition to permit him to consolidate all of his remaining claims into one petition.

### III

For the foregoing reasons, we REMAND Couch's petition for further proceedings consistent with this opinion.