979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Grant COUCH, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 92-1269.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 
 ORDER
 
 1
 George Grant Couch appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Couch was convicted of first degree murder in the stabbing death of another inmate. He was sentenced to life imprisonment. He failed to pursue a timely appeal in the state courts; his motions for delayed appeal were denied. His motion for a new trial was also denied.
 
 
 3
 His application for federal habeas relief included claims of prosecutorial misconduct, improper waiver of the right to counsel and insufficient evidence to support the conviction. The matter was referred to a magistrate judge who determined in part that review of the first two claims was barred by a procedural default in the state court, and that the sufficiency of the evidence claim lacked merit. The district court adopted the report and recommendation of the magistrate judge and dismissed the petition.
 
 
 4
 Upon review, the Sixth Circuit declined to review the claim of insufficient evidence on the merits; and the matter was remanded to the district court for reconsideration of the first two claims in light of the Supreme Court's decision in Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991). See Couch v. Jabe, 951 F.2d 94, 97 (6th Cir.1991) (per curiam).
 
 
 5
 Upon remand, Couch filed a motion to amend his petition with an intent to abandon the procedurally defaulted claims. The district court denied the motion, determined that review of the first two claims was barred and again dismissed the sufficiency of the evidence claim on the merits. This appeal followed.
 
 
 6
 On appeal, Couch reasserts that the evidence was insufficient to support the conviction and maintains that the district court abused its discretion by denying his motion to amend the petition.
 
 
 7
 Upon review, we conclude that the petition was properly dismissed.
 
 
 8
 Couch's claim of insufficient evidence to support the conviction is based on his assertion that the testimony of an alleged eyewitness to the murder, another Michigan inmate, was not credible. His claim lacks merit. It is well established that the credibility of witnesses is not a matter subject to federal review. See Walker v. Engle, 703 F.2d 959, 969-70 (6th Cir.), cert. denied, 464 U.S. 962 (1983). Upon review of a claim of insufficient evidence, the court must consider the evidence in a light favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). In this case, the testimony of the alleged eyewitness, if believed, was sufficient to support the conviction.
 
 
 9
 Additionally, the district court did not abuse its discretion by denying the motion to amend the petition. Couch correctly notes that leave to amend should be freely granted to a pro se litigant. See Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir.1984) (per curiam). However, unlike the pro se petitioner in Espey, Couch was not confronted with a pending dismissal of his sufficiency of the evidence claim simply because review of other claims was barred.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation