41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delbert James GUNNETT, Petitioner-Appellant,
v.
Robert G. REDMAN, Warden, Respondent-Appellee.
 No. 94-1179.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: LIVELY and SUHRHEINRICH, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Delbert James Gunnett, a pro se Michigan prisoner, appeals a district court judgment denying in part and granting in part his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 30, 1979, Gunnett pleaded guilty to criminal sexual conduct in the first degree. He was sentenced to a term of life imprisonment. Following exhaustion of his state court remedies, Gunnett filed his habeas petition alleging: (1) that he did not have a reasonable opportunity to review the presentence report and that the presentence report contained inaccurate statements; (2) that his guilty plea was involuntary because the trial judge induced it through a threat; (3) that the trial court incorrectly advised Gunnett on the benefit to be derived from the plea bargain, thus rendering the plea bargain illusory and the plea involuntary; (4) that trial counsel incorrectly advised Gunnett on the benefit to be derived from the plea bargain; (5) that he should have been allowed to withdraw his guilty plea because the trial judge relied on several invalid convictions in sentencing; (6) that he was denied the effective assistance of trial counsel; and (7) that he was denied the effective assistance of appellate counsel.
 
 
 4
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied. Upon de novo review, in light of Gunnett's objections, the district court issued an opinion and judgment which considered the seven issues Gunnett raised in his habeas petition. The court found that six of those claims did not meet the high standard required for habeas corpus relief. However, the court found that one aspect of the seventh claim, i.e., ineffective assistance of appellate counsel, had merit. Accordingly, the court denied the petition in part and granted the petition in part. The respondent's motion to amend the judgment, filed pursuant to Fed.R.Civ.P. 59(e), was denied on December 9, 1993.
 
 
 5
 Upon review, we conclude that the district court properly denied Gunnett's habeas petition as Gunnett's guilty plea proceedings were not fundamentally unfair. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 6
 First, Gunnett has not demonstrated that the trial court relied upon inaccurate information when it imposed sentence. See United States v. Polselli, 747 F.2d 356, 358 (6th Cir.1984) (per curiam), cert. denied, 469 U.S. 1196 (1985).
 
 
 7
 Second, the comments made by the trial judge at the plea proceedings, when read in the context of the totality of the circumstances, do not support Gunnett's claim that the comments constituted a threat. The court was merely explaining to Gunnett the potential for increased punishment if Gunnett was convicted of being a habitual offender. The fact that the trial judge's comments may have "raised some fear" in Gunnett is not enough, by itself, to render the plea involuntary. Caudill v. Jago, 747 F.2d 1046, 1050 (6th Cir.1984).
 
 
 8
 Third, the plea bargain was not illusory. A review of the entire record reveals that Gunnett was fully aware of the risks attendant to his guilty plea to first degree criminal sexual conduct. He was repeatedly told that he could receive a life sentence and expressly stated that he realized there was no sentence agreement. Thus, by pleading guilty, Gunnett accepted the gamble as to the sentence he would receive. A plea may not be set aside merely because a defendant miscalculated the penalties that would be imposed by the courts. Brady v. United States, 397 U.S. 742, 757 (1970).
 
 
 9
 Fourth, none of the instances of alleged ineffectiveness of trial counsel rise to a level of constitutional dimension. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 698 (1984); Warner v. United States, 975 F.2d 1207, 1214 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 10
 Finally, Gunnett has waived his right to review his fifth claim. Gunnett did not object to the magistrate judge's report about this claim. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991). No exceptional circumstances warrant excusing the objection requirement. Gunnett cannot demonstrate cause or prejudice for his state procedural default on this claim nor has he made any attempt to show that he is actually innocent of the offense for which he pleaded guilty. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 2594-95 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir.1991).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation