**Beverly Dana HODGES, Petitioner–Appellant,**

v.

**Kenneth McGINNIS, Respondent–Appellee.**

No. 99–2253.

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2001.

Before RYAN and NORRIS, Circuit Judges; EDGAR, Chief District Judge.*

EDGAR, Chief District Judge.

Appellant Beverly Dana Hodges ("Hodges"), a state prisoner in the custody of the Michigan Department of Corrections, appeals from the district court's denial of her petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. We find that Hodges' claims were procedurally defaulted in the Michigan courts, and that there was no cause for the default, nor was she prejudiced by the errors which she attributes to the state proceeding. We therefore AFFIRM.

I.

On November 22, 1988, Hodges was arrested when she sold 282 grams (10 ounces) of cocaine hydrochloride to an undercover police officer for $9,000. The sale took place in her home in Saginaw County, Michigan, after she had been under police surveillance for months. The

---

* The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

police had observed her make other cocaine sales. Hodges was charged under Michigan law with delivering between 225 and 650 grams of cocaine in violation of M.C.L. 333.7401(2)(a)(ii); MSA § 14.15 (7401)(2)(a)(ii). With the advice of counsel, she entered into a plea agreement with the state. In a portion of this agreement, the state agreed not to comment or make a recommendation concerning the sentence. Nothing in the plea agreement indicated that the trial court's discretion in imposing sentence would be restricted to a particular range.

On the morning of trial, March 7, 1989, Hodges changed her plea to guilty in the Saginaw County Circuit Court. During the course of the plea hearing, the following colloquy occurred:

> THE COURT: You understand that the maximum penalty for this offense would be thirty years in prison? There is a minimum of ten years, unless the court may depart from this minimum if it finds on the record that there is a substantial compelling reason for doing so.
>
> Then, you understand there is a reasonable probability that—high probability—that the minimum sentence will be ten years?
>
> THE DEFENDANT: Yes, sir.

At the conclusion of the plea hearing, the circuit court judge said, "I have not agreed upon a possible sentence or possible plea with the prosecutor, the defendant, or anyone acting in the interests of either."

On April 19, 1989, Hodges was sentenced by the state court to a term of imprisonment of twenty to thirty years. Neither Hodges nor her counsel made any objection that Hodges had pleaded guilty on a mistaken belief that she would receive a sentence of ten years.

New counsel filed an appeal with the Michigan Court of Appeals raising three issues: (1) the circuit court abused its discretion by imposing excessive punishment; (2) the sentence constituted cruel and unusual punishment; and (3) the circuit court failed to respond to certain alleged inaccuracies in the presentence investigation report. The Michigan Court of Appeals remanded for sentencing in light of a recently decided case. *People v. Milbourn,* 435 Mich. 630, 461 N.W.2d 1 (1990) (proportionality in sentencing), and to resolve Hodges' objections to the presentence report. These objections apparently went to the extent of Hodges' cocaine dealing. After Hodges presented several witnesses, and the state prosecutor called one witness in rebuttal, the circuit judge imposed the same sentence. Hodges, with a third attorney, took a direct appeal contending that the sentence was excessive and disproportionate, and that the circuit court lacked authority to impose a sentence in excess of the ten-year statutory minimum because it had not stated a compelling reason to do so. The Michigan Court of Appeals affirmed the sentence on December 16, 1992. On July 30, 1993, the Michigan Supreme Court denied leave to appeal.

With the help of her fourth (and current) attorney, Hodges on January 31, 1995, filed a motion in Saginaw County Circuit Court seeking collateral post-conviction relief pursuant to M.C.R. subchapter 6.500. Those claims were:

1. Petitioner did not knowingly and voluntarily enter into the plea agreement because she was misled as to the potential length of the minimum sentence;

2. Petitioner was deprived of the benefit of her plea bargain because the prosecutor presented witnesses at the evidentiary hearing preceding the sentencing; and

3. Petitioner was denied the effective assistance of both trial and appellate counsel.[1]

None of these claims had ever been heretofore made by Hodges. The state trial court summarily denied Hodges' claim for post-conviction relief. However, after an appeal, the Michigan Supreme Court remanded the case to the circuit court for an amplified explanation of the reasons why the motion for relief was denied. The state trial court then determined that Hodges' claims were without merit; specifically determined that these claims had been procedurally defaulted; and that cause and prejudice were not shown to excuse the default under M.C.R. 6.508(D)(3).[2]

## II.

Hodges may not challenge the constitutionality of her conviction and sentence by seeking habeas relief under 28 U.S.C. § 2254 unless she completely exhausts her available state court remedies. *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To exhaust those remedies, Hodges is required to present her claims to the state's highest court, and may not circumvent the exhaustion requirement by failing to comply with state procedural rules. *Id.; see also Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Combs v. Coyle,* 205 F.3d 269, 274 (6th Cir.2000).

Federal habeas review under 28 U.S.C. § 2254 is barred with respect to all claims which have been defaulted under state procedural rules unless the petitioner can demonstrate cause for the state procedural default and actual prejudice as a result of the alleged constitutional or federal law violation; or unless petitioner can demonstrate that failure to consider those claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518, 524 (2000); *Coleman,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640; *Combs,* 205 F.3d at 274. A state procedural bar may bar federal habeas review when the last reasoned decision of the state court concludes there is a state procedural bar. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Couch v. Jabe,* 951 F.2d 94, 96 (6th

1. At oral argument, Hodges' counsel explained that this was not intended to be an independent claim, but that Hodges asserted this "ineffective assistance" claim as cause to excuse her state procedural default of claims 1 and 2.

2. (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

 .    .    .    .    .

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

 .    .    .    .    .

(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;

 .    .    .    .    .

(iv) in the case of a challenge to the sentence, the sentence is invalid.

The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

Cir.1991). In this case, the last reasoned decision by the state court, that of the Saginaw Circuit Court rendered on December 11, 1996, in the state post-conviction relief proceedings, was clearly based on Hodges' default under a state procedural bar, specifically M.C.R. 6.508(D)(3).

■ Where the issue is whether a federal habeas corpus claim is waived by a petitioner's failure to comply with a state procedural rule, this Court uses a four-part analysis. *See White v. Schotten,* 201 F.3d 743, 749 (6th Cir.2000), citing *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). Under *Maupin, supra,* the federal habeas court must first determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with the state procedural rule. Second, the federal court must decide whether the state courts actually enforced the state procedural sanction. Third, the federal court must decide whether the state procedural default is an adequate and independent state ground upon which the state can rely to foreclose review of the federal habeas claim. Fourth, the habeas petitioner is required to demonstrate cause and prejudice: that there was cause for her not to comply with the state procedural rule and that she was actually prejudiced by the alleged error. *Maupin,* 785 F.2d at 138; *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Schotten,* 201 F.3d at 749.

■ The *Maupin* test is clearly satisfied here. M.C.R. 6.508(D)(3) is a state procedural rule applicable to Hodges' claim. This rule is enforced by the state courts. The rule is an adequate and independent state ground upon which the state may rely. Finally, as both the state courts as well as the district court found, Hodges had not demonstrated cause and prejudice. Petitioner failed to present her claim that her plea was not voluntary and that she

was deprived of the benefit of her plea bargain to the Michigan trial court, the Michigan Court of Appeals, and the Michigan Supreme Court during the course of this case. It was not until she filed her state post-conviction case that Hodges raised these claims. The state courts then determined that the claims would not be considered because Hodges had not carried the burden of showing that she had complied with M.C.R. 6.508(D)(3).

Of course it is a requirement of federal law, as well as Michigan state law, that Hodges demonstrate cause and prejudice. *Coleman,* 501 U.S. at 750. The state court and district court determined correctly that the alleged ineffective assistance of counsel was not cause for the default, nor did anything Hodges' several attorneys did, or failed to do, result in "prejudice as a result of the alleged violation of federal law," or in a "fundamental miscarriage of justice." *Id.* at 750; *Schotten,* 201 F.3d at 243. They did not challenge the voluntariness of Hodges' plea in any one of the direct appeals in the state court system. The record shows that Hodges was not promised a ten-year sentence by the trial court, as she now claims. Instead, she was told that the minimum sentence would probably be ten years. Hodges should have not been under any misunderstanding about her possible sentence when she entered her plea. Therefore, counsel's performance was not deficient in their failure to assert this. Certainly any failure to raise this issue did not result in prejudice or a fundamental miscarriage of justice.

The same can be said for Hodges' claim that her plea was involuntary because the prosecutor presented a witness at her resentencing hearing. This hearing was a result of Hodges' claim on appeal that the trial court had not ruled on certain factual objections that she had made to her presentence report. The prosecutor's witness was necessary for a full picture of the

facts, along with certain witnesses presented by Hodges. The prosecutor did not otherwise comment at Hodges' sentencing or resentencing. This was not a violation of the plea agreement. Accordingly, counsel were not neglectful in failing to assert this as a claim, and the result was not a miscarriage of justice.

The state court and, to some extent the district court, analyzed the ineffective assistance issue under the criteria of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The result is the same as that reached here. Hodges' attorneys were not ineffective. Their representation of Hodges is not cause to excuse the state procedural default, nor was Hodges prejudiced by their representation of her. In short, Hodges' claim cannot be considered by the federal courts under 28 U.S.C. § 2254.

### III.

The decision of the district court is AFFIRMED.