Paul **MONROE**, Petitioner–Appellant,

v.

David **SMITH**, Warden, Respondent–Appellee.

No. 01–2726.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

Paul Monroe, a Michigan state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Monroe was convicted of bank robbery in 1997, following a jury trial. He was sentenced to ten to twenty years of imprisonment. His conviction was affirmed on direct appeal in the state courts. Monroe then filed this lengthy petition for federal habeas corpus relief, accompanied by nu-

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

merous exhibits, apparently raising four claims for relief. Respondent moved for summary judgment on the ground that not all of the claims had been exhausted in the state courts. The district court denied the motion, as the record showed that Monroe had raised his issues on direct appeal, but the state court had failed to address them all. Its opinion addressed the claims raised in a supplemental brief that was supposed to have been stricken, rather than the claims raised in Monroe's initial brief. A supplemental response to the petition was ordered and filed, following which the district court denied the petition on the merits.

In his confusing brief on appeal, Monroe reasserts the claims raised below, in addition to arguing that respondent procedurally defaulted in the state courts, thus entitling Monroe to relief.

Upon review, we conclude that the judgment denying this petition must be affirmed for the reasons stated by the district court. Contrary to Monroe's argument, the fact that the state failed to address some of the claims raised by him in his direct appeal does not entitle him to relief, because the district court examined the claims on the merits and found no constitutional violation.

■ Monroe's first claim is ineffective assistance of counsel. He argues that his counsel was deficient in failing to object to the bank teller's identification of Monroe at trial, because she had failed to identify him in a lineup following the robbery. As the district court properly noted, the teller's failure to identify Monroe in the lineup was not a basis for excluding her in-court identification. *United States v. Causey,* 834 F.2d 1277, 1286 (6th Cir.1987). Therefore, counsel was not ineffective in this regard. Monroe next argues that counsel failed to call alibi witnesses. He fails to identify what his alibi was or who the witnesses in question are. Moreover, giv-

en the fact that Monroe had confessed to the police, counsel's decision not to pursue an alibi defense was obviously reasonable. *Coe v. Bell,* 161 F.3d 320, 342–43 (6th Cir.1998).

■ Monroe's next argument is phrased as a double jeopardy claim, but actually asserts that the prosecutor suborned perjury. He contends that the Double Jeopardy Clause would bar his retrial in the event he were granted relief on this claim. In order to state a claim of subornation of perjury, it must be shown that the testimony referred to was false, that it was material, and that the prosecutor knew it was false. *Id.* at 343. In this case, Monroe is contesting the bank teller's testimony at trial that she recognized Monroe at the preliminary hearing. Nothing in the record shows that this testimony was false, because the teller was never asked at the preliminary hearing whether she recognized Monroe. She was only asked if there was anything different about his appearance, to which she responded that his facial hair was different. Thus, Monroe has not shown that the teller's trial testimony was false, or that the prosecutor knew it was false.

■ Monroe's third argument raises claims of allegedly newly discovered evidence that he believes entitles him to relief. A claim of newly discovered evidence is not a ground for habeas relief absent an independent constitutional violation. *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Moreover, Monroe's claims of newly discovered evidence are meritless. He first argues that someone else's fingerprint was on the demand note. This argument is not based on new evidence, but on the trial testimony of the fingerprint expert that one unidentifiable fingerprint was found on the demand note. This is neither new nor exonerating of Monroe. Next, Monroe argues

that the complaint listed the bank teller as the complainant even though she failed to identify him at the lineup. This is not new evidence and is meritless, as the bank teller was properly listed as the victim in spite of her failure to identify Monroe at the lineup. In his final claim of newly discovered evidence, Monroe takes issue with the facts as shown in the record. As the state court of appeals recounted in its decision affirming his conviction, Monroe called 911 to turn himself in for the bank robbery. Police who responded to the call found that Monroe's hands and clothing were stained with red dye from the explosive dye pack. They confirmed that a bank robbery had taken place at the location identified by Monroe earlier that day before arresting him, following which he made a detailed confession. Monroe's version of these events is that he witnessed the two arresting officers sexually assaulting and killing a girl. Thereafter, they fabricated the 911 call, the dye stains, and his statement. Again, no new evidence is involved in this claim. Furthermore, contrary to Monroe's argument, both his dye-stained clothing and the computer record of the 911 call were introduced at trial. Nothing presented in this claim warrants habeas corpus relief.

■ Finally, Monroe claims that his Fourth Amendment rights were violated by the introduction of his statements to the police. This claim may not be asserted in a federal habeas corpus petition because Monroe had a full and fair opportunity to litigate the claim in the state courts, both in his motion to suppress in the trial court and on appeal. *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir.2000), *cert. denied,* 531 U.S. 1089, 121 S.Ct. 808, 148 L.Ed.2d 694 (2001).

For all of the above reasons, the district court's judgment denying this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.