**Scott SKRZYCKI, Petitioner,**

v.

**Blaine LAFLER, Respondent.**

**No. 04–CV–40140–FL.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 22, 2004.

Scott Skrzycki, Freeland, MI, pro se.

Debra M. Gagliardi, Michigan Department of Attorney General Habeas Corpus Division, Lansing, MI, for Respondent.

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

GADOLA, District Judge.

Scott Skrzycki ("Petitioner"), a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he filed this action, Petitioner was confined at the Saginaw Correctional Facility in Freeland, Michigan where Blaine Lafler ("Respondent") is the warden. Petitioner was convicted of second-degree murder following a jury trial in the Wayne County Circuit Court in 2001 and was sentenced as a second habitual offender to a term of 35 to 70 years imprisonment. In his pleadings, Petitioner raises claims con-

cerning the submission of a first-degree murder charge to the jury, the admission of photographs of the victim, the effectiveness of trial counsel, and his sentencing. For the reasons stated below, the Court will deny the petition for writ of habeas corpus.

## I. *Facts*

The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith,* 197 F.Supp.2d 753, 758 (E.D.Mich. 2001), *aff'd.* 41 Fed.Appx. 730 (6th Cir. 2002), as follows:

> This case arises from the violent death of Nicole Polk on April 14, 2000, in Ecorse. At approximately 8:30 in the morning on that date, Ricardo Trevino was walking down an alley looking for bottles when he noticed defendant near a dumpster, then spotted a woman nearby, lying face down, with no pants or underwear and her legs spread apart. Trevino went and asked someone to call 911. Officer Stephen Salas responded to the scene and found the body on the west side of the alley behind Loveland's Drug Store. Salas spoke with defendant near the scene, who disclaimed knowing anything about persons or a body in the alley. At this time defendant provided identification, and Salas made note of defendant's nearby address. Later that morning Salas went to defendant's apartment. Salas noticed what appeared to be blood and bleach stains on the floor. After defendant was taken into custody he provided the police with a written statement admitting that he and Polk had been consuming cocaine together in his apartment, and then fought over whether to obtain more drugs.
>
> At trial, defendant testified in his own defense, confirming that he and Polk had been involved in obtaining and consuming crack cocaine, and that an altercation in his apartment ensued. According to defendant, Polk grabbed a screwdriver that happened to be lying about and attacked him with it. In response, defendant lost his temper, struck her with his fist, and thought he had knocked her unconscious. Defendant stated that he carried Polk outside and left her, still breathing, fully clothed, with her back against a wall, between 3:00 a.m. and 4:00 a.m. Defendant explained that he hoped she would wake up and go home. Defendant said he then returned to his apartment, where he remained until approximately 7:45 a.m., when he went outside to take out his trash, and to see if Polk was where he had left her, saw that Polk was gone, and assumed she had gone home. According to defendant, after running errands he noticed a police line and gathering crowd nearby, but did not consider the possibility that it had to do with Polk until the police informed him that a body had been discovered in the alley. Defendant offered no explanation for how the body happened to be moved or became disrobed.
>
> Defendant was charged with first-degree premeditated murder, but the jury found him guilty of the lesser included offense of second-degree murder.

*People v. Skrzycki,* No. 234048, 2002 WL 31955130, *1 (Mich.Ct.App. Dec.17, 2002) (unpublished).

## II. *Procedural History*

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting the same claims raised in the present petition. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Skrzycki,* No. 234048, 2002 WL 31955130 (Mich.Ct.App. Dec.17, 2002) (unpublished).

Petitioner also filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Skrzycki,* 468 Mich. 940, 664 N.W.2d 220 (2003).

Petitioner signed the present habeas petition on April 6, 2004 and it was filed by the Court on May 18, 2004. Petitioner raises the following claims as grounds for relief:

I. His right to a fair trial was violated when the jury was allowed to consider the charge of premeditated murder even though it was unsupported by legally sufficient evidence, resulting in an improper compromise verdict.

II. He was denied due process of law and a fair trial when the trial judge abused his discretion and admitted into evidence gruesome color photographs of the victim lying naked in an alley where the photographs did not prove any fact materially at issue in the case and where the prejudicial effect of same far outweighed any probative value of the photographs.

III. A series of omissions by defense counsel violated his state and federal constitutional rights to the effective assistance of counsel.

IV. He was denied due process of law [because] the trial court relied on unproven and uncharged acts resulting in a sentence based on inaccurate information.

Respondent filed an answer to the petition on July 27, 2004 asserting that the claims should be denied for lack of merit or based upon procedural default.

### III. *Standard of Review*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.,* govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza,* 540 U.S. 12, 13, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003) (per curiam) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)); *see also Bell v. Cone,* 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that princi-

ple to the facts of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 2534–35, 156 L.Ed.2d 471 (2003) (quoting *Williams,* 529 U.S. at 413, 120 S.Ct. 1495); *see also Bell,* 535 U.S. at 694, 122 S.Ct. 1843. In order for a federal court find a state court's application of Supreme Court precedent unreasonable, the state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins,* 539 U.S. at 520, 123 S.Ct. at 2535; *see also Williams,* 529 U.S. at 409, 120 S.Ct. 1495.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time of the state court decision. *See Williams,* 529 U.S. at 412, 120 S.Ct. 1495; *see also Lockyer v. Andrade,* 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); *see also Mitchell,* 540 U.S. at 13, 124 S.Ct. at 10. Finally, a federal habeas court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998).

## IV. *Analysis*

### A. *Compromise Verdict Claim*

■ Petitioner first asserts that he is entitled to habeas relief because the trial court erred in submitting the first-degree murder charge to the jury, resulting in an improper compromise verdict. First, to

the extent that Petitioner relies upon state law to support this argument, he fails to state a claim for habeas relief. It is well-settled that habeas relief may not be granted for alleged violations of state law. *See Estelle, supra,* 502 U.S. at 67–68, 112 S.Ct. 475; *see also Shacks v. Tessmer,* 9 Fed.Appx. 344, 350 (6th Cir.2001) (unpublished). Second, clearly established Supreme Court law provides that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights when the defendant is acquitted of that charge. In *Daniels v. Burke,* the United States Court of Appeals for the Sixth Circuit recognized that "[s]ome courts, under similar facts have concluded that submission to the jury of a charge constituted harmless error in light of petitioner's acquittal on that charge." *Daniels v. Burke,* 83 F.3d 760, 765 n. 4 (6th Cir.1996) (citing cases). In *Daniels,* however, the Sixth Circuit found it unnecessary to decide the issue in light of the fact that the evidence of first-degree murder was sufficient to submit that charge to the jury. *Id.*

■ Regardless, the Court need not resolve the matter because there was sufficient evidence to support the submission of the first-degree murder charge to the jury in this case. Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *See People v. Schollaert,* 194 Mich.App. 158, 170, 486 N.W.2d 312 (1992). Premeditation and deliberation require sufficient time to allow the defendant to take a second look. *Id.* Premeditation and deliberation may be established by evidence of "(1) the prior relationship of the parties; (2)

the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Id.* Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime, *People v. Jolly,* 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including a defendant's intent or state of mind. *People v. Dumas,* 454 Mich. 390, 398, 563 N.W.2d 31 (1997).

■ The Michigan Court of Appeals determined that the victim's wounds, the medical examiner's finding that the victim was smothered to death by hand (which would have taken several minutes), and Petitioner's dumping of the body in an alley, indicated that Petitioner had time to consider his actions and that he intended to kill the victim so as to support the submission of the first-degree murder charge to the jury. The court alternatively found that any error in submitting the charge was harmless. *See Skrzycki,* 2002 WL 31955130 at *1-2. This Court agrees and concludes that the Michigan Court of Appeals' decision is neither contrary to nor an unreasonable application of Supreme Court precedent. Given the evidence presented at trial, a reasonable juror could have found that Petitioner had sufficient opportunity to take a "second look" at his actions and that he intended to kill the victim. Habeas relief is therefore not warranted on this claim.

### B. *Admission of Photographs Claim*

■ Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting gruesome photographs of the victim. Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977);

*Couch v. Jabe,* 951 F.2d 94 (6th Cir.1991). In *Wainwright,* the Supreme Court explained that a petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. 433 U.S. at 85, 97 S.Ct. 2497.

■ In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263–64, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–05, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

■ Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's claim, the court relied upon a state procedural bar: Petitioner's failure to object to the photographs at trial. *See Skrzycki,* 2002 WL 31955130 at *3. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines,* 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway,* 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson,* 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). More-

over, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz,* 869 F.2d 281, 285 (6th Cir.1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir.2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir. 1991).

■■■■ A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546; *Gravley v. Mills,* 87 F.3d 779, 784–85 (6th Cir.1996). In this case, Petitioner neither alleges nor establishes cause to excuse his default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Long v. McKeen,* 722 F.2d 286, 289 (6th Cir.1983).

■■■■ Nonetheless, the Court notes that Petitioner cannot establish prejudice or that a fundamental miscarriage of justice has occurred as this claim lacks merit. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Serra v. Michigan Dept. of Corrections,* 4 F.3d 1348, 1354 (6th Cir.1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir.2003); *Clemmons v. Sowders,* 34 F.3d 352, 356 (6th Cir.1994).

■■■■ The Michigan Court of Appeals found this claim to be without merit because the photographs were relevant to prove the intent to kill and to show the victim's injuries, and because the risk of unfair prejudice was "slight" and did not substantially outweigh the probative value. *Skrzycki,* 2002 WL 31955130 at *3. This determination was reasonable. The admission of relevant photographs of a crime scene or a victim, even if gruesome, does not deprive a criminal defendant of a fair trial. *See Cooey v. Coyle,* 289 F.3d 882, 893–94 (6th Cir.2002) (citing *Gerlaugh v. Stewart,* 129 F.3d 1027, 1032 (9th Cir. 1997), for proposition that such photographs do not raise the "spectre [sic] of fundamental fairness such as to violate federal due process of law"). Because the photographs were relevant, Petitioner cannot show that he was denied a fair trial by their admission. He is thus not entitled to habeas relief on this claim.

### C. Ineffective Assistance of Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to seek suppression of evidence seized from his apartment, for failing to seek suppression of his police statements, and for failing to object to the admission of the photographs of the victim. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This re-

quires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687, 104 S.Ct. 2052. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690, 104 S.Ct. 2052. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689, 104 S.Ct. 2052. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690, 104 S.Ct. 2052.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311–12 (6th Cir.1996) (quoting *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052).

 Applying the *Strickland* standard, the Michigan Court of Appeals concluded that Petitioner had not demonstrated that he was denied the effective assistance of counsel because the objections he believes should have been raised would have been futile. Regarding counsel's failure to seek suppression of the evidence take from Petitioner's home, the Court of Appeals explained that the evidence obtained from Petitioner's apartment was discovered in plain view after Petitioner allowed police officers to enter his apartment and was ultimately seized by the Michigan State Police pursuant to a warrant. The court also found that the seized items were not significantly prejudicial to Petitioner's case such that their preclusion would not have likely resulted in a different verdict. *See Skrzycki,* 2002 WL 31955130 at *4–5. With respect to counsel's failure to seek suppression of Petitioner's police statements, the Court of Appeals determined that Petitioner had not established that he was significantly intoxicated at the time he made his statements so as to render them involuntary. *Id.* at *5–6. Finally, regarding counsel's failure to object to the photographs, the Court of Appeals reiterated that the photographs were properly admitted. *Id.* at 6.

The Michigan Court of Appeals' decision is neither contrary to *Strickland* nor an unreasonable application thereof. Any objections by defense counsel to the admission of evidence seized from Petitioner's apartment, Petitioner's police statements, or the photographs of the victim would have been futile for the reasons stated by the Michigan Court of Appeals. Defense counsel is not obligated to make futile objections. *See McQueen,* 99 F.3d at 1328. Petitioner has not shown that counsel was deficient for electing not pursue the aforementioned issues in this case. He has thus failed to satisfy the requirements of *Strickland* and is not entitled to habeas relief on his ineffective assistance of counsel claim.

### D. *Sentencing Claim*

Finally, Petitioner asserts that he is entitled to habeas relief because the trial

court relied upon unproven and uncharged facts, resulting in a sentence based upon inaccurate information. Specifically, he contends that the trial court erroneously found that he dragged the victim into the alley and disrobed her and relied upon that finding in imposing sentence.

 Wide discretion is accorded to a state trial court's sentencing decision. To the extent that Petitioner alleges a state sentencing law error, his claim is not cognizable on habeas review. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *see also United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Sammons,* 918 F.2d 592, 603 (6th Cir.1990) (criminal defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must also show that the trial judge relied on the allegedly false information. *See United States v. Polselli,* 747 F.2d 356, 358 (6th Cir.1984).

 The Michigan Court of Appeals in this case determined that the trial court's factual findings at sentencing were based upon reasonable inferences from the evidence, including the police testimony and Petitioner's own statements. *See Skrzycki,* 2002 WL 31955130 at *6–7. This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Petitioner had an opportunity to correct any allegedly false information at the sentencing hearing. Additionally, Petitioner has not shown that

the trial court relied upon false information. The trial court's factual findings concerning the victim's body were reasonably supported by the evidence presented at trial. Habeas relief is therefore not warranted on this claim.

## V. *Conclusion*

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus [docket entry 1] is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a MOTION for a COA with this Court within **TWENTY–ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) (*"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."* (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.